**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

MAGISTRATE JUDGE    J. ELIZABETH McBATH     COURTROOM DEPUTY CLERK:   Neethu Varghese

CASE NUMBER:    1:24-MJ-1112-JEM     DEFENDANT'S NAME: Stephen Andrew Leedy

AUSA:     Leanne Marek     DEFENDANT'S ATTY: Nicole Moorman

USPO / PTR: Jamie Bowers     ( ) Retained    ( ) CJA    ( X ) FDP   ( ) Waived

EXHIBITS ☐ Yes ☐ No

✓ ARREST DATE 12/20/2024

✓ Initial appearance hearing held.

_____ Interpreter sworn: _____

✓ Defendant informed of rights.

## COUNSEL

✓ ORDER appointing Federal Defender as counsel for defendant.

_____ ORDER appointing _____ as counsel for defendant.

_____ ORDER: defendant to pay attorney's fees as follows: _____

## IDENTITY / PRELIMINARY HEARING

✓ Defendant ORALLY WAIVES identity hearing.      ✓ WAIVER FILED

_____ Identity hearing HELD. _____ Def is named def. in indictment/complaint; held for removal to other district.

_____ Defendant ORALLY WAIVES preliminary hearing in this district only. _____ WAIVER FILED

_____ Preliminary hearing HELD. _____ Probable cause found; def. held to District Court for removal to other district

✓ Commitment issued. Detention hearing to be held in charging district

## BOND/PRETRIAL DETENTION HEARING

✓ Government motion for detention filed . _____ @

_____ Pretrial hearing set for _____ @ _____ (✓ In charging district.)

_____ Bond/Pretrial detention hearing held.

_____ Government motion for detention ( ) GRANTED ( ) DENIED

_____ Pretrial detention ordered. _____ Written order to follow.

_____ BOND set at _____ _____ NON-SURETY _____ SURETY

_____ cash _____ property corporate surety ONLY

_____ SPECIAL CONDITIONS: _____

_____ Defendant released.

_____ Bond not executed. Defendant to remain in Marshal's custody.

_____ Motion ( verbal) to reduce/revoke bond filed.

_____ Motion to reduce/revoke bond _____ GRANTED _____ DENIED

_____ See page 2

### Order

☐ Pursuant to the Due Process Protections Act, see Fed. R. Crim. P. 5 (f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady; Giglio v. United States,* 405 U.S. 150 {1972}; and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley,* 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.

**WITNESSES:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

**EXHIBITS:**

_____

_____

_____

_____

_____

_____

_____

_____

_____